EASTERN DIST.
*May*, 1839.

TOWNSEND
*vs.*
LA. STATE MA-
RINE AND FIRE
INSURANCE CO.

---

TOWNSEND *vs.* LOUISIANA STATE MARINE AND FIRE INSURANCE COMPANY; N. AND J. WEED AND CO., AND RHOADS, WEED AND CO., SEIZING CREDITORS.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS, JUDGE WATTS PRESIDING.

The property of the debtor is the common pledge of all his creditors, and when in failing circumstances, he can make no disposition of it to the prejudice of his creditors.

So, a voluntary assignment by a debtor, which provides that a certain debt shall be paid *in full*, and the other creditors who may become parties to the act are to be paid *pro rata*, is *void on its face*, which may be treated as a nullity; and the property thus assigned is liable to *seizure* by the judgment creditors.

EASTERN DIST.      This is an action, instituted in March, 1837, on a policy of
*May*, 1839.    insurance, and in March, 1839, the plaintiff obtained judg-
TOWNSEND     ment for seven thousand three hundred and fifty dollars.
*vs.*            In February, 1838, Townsend, by public or notarial act,
LA. STATE MA-
RINE AND FIRE made an assignment of this claim to certain of his creditors,
INSURANCE CO.
on particular specified conditions, which was notified to the
defendants.

Two sets of creditors having obtained judgments against
Townsend in the United States District Court, directed the
United States marshal to seize his claim against the in-
surance office of the defendants during the pendency of the
suit for it, and the company was notified of the seizures on
the 4th of April, 1838.

When the plaintiff had final judgment, in March, 1839, a
rule was taken in his name on the insurance company, to
show cause why they should not pay over the amount of the
judgment. ⸱ The company showed for cause the seizure,
under execution issued upon judgments of several creditors
of Townsend.   The seizing creditors also came in and made
themselves parties to the rule, and claimed to hold the
amount seized by them, subject to the payment of their
respective claims, alleging that the assignment of Townsend
is null and void.

The assignment of the claim on the insurance company
is made by notarial act, and enumerates the creditors of
Townsend, and then provides that the claim on the in-
surance company is assigned unto his above-named creditors,
or any others (if such there be) who shall, within thirty
days, accept this assignment, which it is understood, is made
on the following conditions :

1. The funds arising from the claim on the insurance
company are to be applied to the payment of all the law
charges and fees of counsel in the case.

2. That the claim of Walton & Kemp be satisfied in full,
with interest ; the other creditors' claims coming in *pro rata*.

3. No creditor becoming a party to this act shall institute
suit upon his claim for six months, and such as have brought
suit are to dismiss them.

EASTERN DIST.
*May*, 1839.

TOWNSEND
*vs.*
LA. STATE MA-
RINE AND FIRE
INSURANCE CO.

4. John Kemp to act as agent to receive and disburse the money among the creditors.

The act is signed by Townsend, and accepted by several creditors, but not by the seizing creditors.

The presiding judge sustained the claims of the seizing creditors, and considered the act of assignment as a nullity on its face, which might be so treated by creditors. The rule was made absolute for the amount due the plaintiff, over and above the claims of the seizing creditors only. From this judgment the plaintiff's agent and assignee appealed.

*Strawbridge,* for the appellant, contended, that the seizing creditors of Townsend could not treat the act of assignment as a nullity. Their only recourse is by a revocatory action, to annul and set aside this instrument, if it be not valid in law. This principle has been settled in twenty different cases by this court. See 9 *Martin,* 649 ; 2 *Idem, N. S.,* 299, 505; 3 *Idem,* 339 ; 5 *Idem,* 361, 633.

2. A distinction between such transfers as the present, by private and authentic act, has been made in later decisions, but the doctrine beyond this has never been impugned, in the many cases that have come before this court. 6 *Martin, N.S.,* 137, 324, 581. 4 *Louisiana Reports,* 340–1.

*C. M.* and *F. B. Conrad,* for the insurance company, stated that it had no other interest in this matter than as a mere stake-holder of the amount in dispute among the creditors of Townsend.

*Maybin,* for the seizing creditors, insisted that the assignment of Townsend was void, because made when he was in insolvent circumstances, and he could not legally change his situation, or make a disposition of his property to the injury of his creditors. Actual insolvency, in this case, is the same as declared insolvency. See *Louisiana Code,* 1964–5, 1979, 1984 and 3150 ; 2 *Martin, N. S.,* 66 ; 5 *Idem,* 620 ; 1 *Louisiana Reports,* 500 ; 2 *Idem,* 16.

EASTERN DIST.
*May*, 1839.

TOWNSEND
*vs.*
LA. STATE MA-
RINE AND FIRE
INSURANCE CO.

2. By the assignment, the debtor fixes or dictates the terms and conditions on which the creditors are to be paid. Such acts have always been reprobated by this court. 10 *Louisiana Reports*, 151; *Graves et al.* vs. *Roy*, 13 *Idem*, 454.

3. The cases on which the counsel for the appellant rests his hopes of success all go upon the ground that where the party is in possession under a sale, alleged to be fraudulent, still it cannot be treated as a nullity, and the property sold as if no alienation had taken place. The seizing creditor is obliged to resort to his revocatory action, try the question of fraud, and have the sale annulled, if it is found to exist. See 5 *Martin, N. S.*, 634, *and the cases there cited from* 3 *Martin, N. S.*, 338; also 6 *Idem*, 140.

4. In this case there is no presumption in favor of the validity or legality of the assignment; it is void on its face; but in fraudulent sales, the instrument is *prima facie* correct and fair until the fraud is shown.

*Eustis, J.*, delivered the opinion of the court.

This case depends entirely on the validity of a voluntary assignment of the property of a debtor, residing in Louisiana, for the benefit of certain creditors.

In the act of assignment the party creates a trustee, and dictates terms to his creditors, on the compliance with which, alone, they are to have any recourse on the property assigned. One debt is provided to be paid in full; and the other creditors, who may become parties to the act, are to be paid *pro rata*.

In Louisiana, the property of the debtor is the common pledge of his creditors, and an insolvent debtor can make no disposition of his property to the prejudice of his creditors.

An assignment of this kind we consider as void on its face, and that the judge of the Parish Court has not erred in sustaining the appropriation of the property seized to the payment of the judgment creditors.

The judgment of the Parish Court is, therefore, affirmed, with costs.

*So, a voluntary assignment by a debtor, which provides that a certain debt shall be paid in full, and the other creditors who may become parties to the act are to be paid pro rata, is void on its face, which may be treated as a nullity; and the property thus assigned is liable to seizure by the judgment creditors.*