Bijixaed, J.
delivered the opinion of the court.
This is an action upon a promissory note against the makers in [518] solido. One of them pleads them release by virtue of a compromise entered into with the plaintiffs, and other creditors, passed before H. B. Oenas, notary public. There was judgment of nonsuit, and the plaintiffs appealed.
It appears by the act in question, that the defendant, Townsend, assigned to any of the creditors of the firm who might make themselves parties to the ■ act, a claim against the Louisiana State Insurance Company for about fourteen thousand dollars, to be collected by one of the creditors, as agent, and distributed among those creditors who should make themselves parties to the agreement, after first paying costs, fees of counsel, and other expenses incurred in the prosecution. It was agreed that the claim of Walton & Kemp, one of whom was the agent appointed to collect and distribute the fund, should be paid in full, and the others a pro ra,ta, and that none of the creditors should bring suit within six months.
This agreement and partial assignment has already been declared to be null as to creditors not parties to it. 13 La. Rep. 551.
It appears to us that the court erred in giving judgment of nonsuit. Whether the agreement was valid or void between the parties, it does not purport to release any debts due to the creditors who signed it, and, consequently, if the plaintiffs have shown themselves creditors of Townsend & Jones, it is not easy to perceive why they are not entitled to a judgment, although they may be bound to receive their distributive share of the fund in the hands of the agent of the creditors, and who is made garnishee in the present case.
After this contract has been carried into effect to a certain extent, by a partial distribution of the fund, we think it cannot be treated as an absolute nullity by one of the parties to it, and that all the creditors who signed it ought to be made parties to any action having for its object to rescind it as to the contracting parties. The nature of the debt to Walton & Kemp, which was to be paid in full, does not appear. It may have been of such a [519] nature as to authorize the preference and privilege given it by the other creditors who signed the agreement. Admitting that the agreement is void on its face as to creditors not parties to it, as was held by this court, it does not follow that the parties themselves may treat it as null and void. Having consented to the distribution of a particular fund belonging to their common debtors, among themselves, they may be told, volenti non jit injuria. The plaintiffs having proved their demand, are, in our opinion, entitled to judgment; but the garnishee is bound to pay over to the plaintiffs only *314 such a part of the fund in his hands as they are entitled to under the agreement.
The judgment of the commercial court is, therefore, avoided and reversed; and proceeding to render such a judgment as, in our opinion, ought to have been given below, it is further ordered, adjudged and decreed, that the plaintiffs recover of the defendant, Townsend, fourteen hundred and ninety-two dollars and sixteen cents, with interest at five per cent, from the 2d day of July, 1836, until paid, with costs in both courts; reserving to the plaintiffs their right to receive their share of the fund in the hands of the garnishee, according to his answer, in part discharge of this judgment.